UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| US BANK TRUST NA, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff and Counter Defendant, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-3340-B |
| | § | |
| ROBERT M. BERRY, | § | |
| | § | |
| Defendant and Counterclaimant. | § | |

## MEMORANDUM AND OPINION ORDER

Before the Court is Plaintiff/Counter Defendant US Bank Trust NA's (US Bank) motion for summary judgment. Doc. 94. For the following reasons, the Court **GRANTS** the motion.

### I.

### BACKGROUND[1]

This is a foreclosure case. On May 29, 2007, Defendant/Counterclaimant Robert Berry purchased his home by executing a note for $340,000 with an accompanying security instrument. Doc. 95, Pl.'s Br., 2.[2] At closing, Berry executed an equity affidavit and agreement (2007 affidavit) attesting to the propriety of the loan. *Id.* In November 2009, Berry defaulted. *Id.* Berry received a notice of default asking him to cure, but he did not do so. *Id.* The maturity of the debt was accelerated; Berry received notice of that too. *Id.* at 3–4. So now Berry owes the balance of the loan.

---

[1] The Court derives the facts from the summary-judgment briefing and record. Any contested fact will be so noted.

[2] The note and security instrument have traded hands several times over the years. Doc. 95, Pl.'s Br., 2–3. But is is undisputed that US Bank is the current owner and holder of the note and security interest with Caliber as the mortgage servicer. *Id.*

*Id.* at 4.

Suit was filed in September 2014. Doc. 1. Since then, this case has been litigated before this Court, *Ocwen Loan Servicing v. Berry*, No. 3:14-CV-3340-P, 2016 WL 8943162 (N.D. Tex. Jan. 29, 2016), and the Fifth Circuit, *Ocwen Loan Servicing, L.L.C. v. Berry*, 852 F.3d 469 (5th Cir. 2017), which reversed this Court's decision based on the Texas Supreme Court's intervening decision in *Wood v. HSBC Bank USA, N.A.*, 505 S.W.3d 542 (Tex. 2016). This case's lengthy procedural history has whittled down the parties' claims; US Bank asserts in its complaint that it is entitled to judicial foreclosure. Doc. 108, Pl.'s Second Am. Compl., ¶¶ 14–23. And Berry claims his loan is invalid because it does not comply with Tex. Const. art. XVI, § 50. Doc. 26, First Am. Answer, 3–4. US Bank moved for summary judgment on its claim and on Berry's counterclaim. Its motion is now ripe for resolution.

## II.

## LEGAL STANDARD

Courts must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute "is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party." *Burrell v. Dr. Pepper/Seven Up Bottling Grp.*, 482 F.3d 408, 411 (5th Cir. 2007). And a fact "is 'material' if its resolution could affect the outcome of the action." *Id.*

The summary-judgment movant bears the burden of proving that no genuine issue of material fact exists. *Latimer v. Smithkline & French Labs.*, 919 F.2d 301, 303 (5th Cir. 1990). So the movant must identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue

of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). Once the movant has produced evidence on an element or claim or alleged the non-movant has no evidence, the non-movant must "identify specific evidence in the record" and "articulate the precise manner in which that evidence supports [its] claim" to show that a fact issue exists. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). And although the Court views evidence in the light most favorable to the non-movant when determining whether a genuine issue exists, *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000), mere "metaphysical doubt as to material facts," "conclusory allegations," "unsubstantiated assertions," or a mere "scintilla of evidence" will not save a non-movant from summary judgment, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam) (internal citations and quotation marks omitted).

### III.

### US BANK'S OBJECTION TO BERRY'S 2015 AFFIDAVIT

US Bank asks the Court in its reply to strike Berry's 2015 affidavit in his summary-judgment appendix under the sham-affidavit rule because the 2015 affidavit contradicts his 2007 affidavit. Doc. 103, Pl.'s Reply, 1–2.

The sham-affidavit rule "prevents a party from defeating a motion for summary judgment 'using an affidavit that impeaches, without explanation, sworn testimony.'" *Robinson v. Nexion Health At Terrell, Inc.*, 671 F. App'x 344 (5th Cir. 2016) (per curiam) (quoting *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996)). Sham affidavits are not admissible. *Keller v. Coastal Bend Coll.*, 629 F. App'x 596, 601 n.4 (5th Cir. 2015). The 2007 affidavit is not entirely inconsistent with the 2015 affidavit, so the Court will not strike the 2015 affidavit in its entirety. But the Court will strike the conflicting portions of the 2015 affidavit as discussed below.

# IV.

# ANALYSIS

US Bank asserts it is entitled to judicial foreclosure because Berry defaulted. Doc. 95, Pl.'s Br., 14–17. US Bank also seeks summary judgment on Berry's counterclaim under Tex. Const. art. XVI, § 50. *Id.* at 6–13. Berry claims in his response that US Bank cannot obtain a judicial-foreclosure order because his loan does not comply with Tex. Const. art. XVI, § 50. Doc. 101, Def.'s Resp., 7–12. US Bank's request for judicial foreclosure turns on whether Berry's loan complies with § 50. *Wood*, 505 S.W.3d at 546–550. Therefore, the Court will first address Berry's § 50 claim and then decide whether US Bank is entitled to judicial foreclosure.

A.  *Berry's § 50 Claims*[3]

    1.  Section 50(a)(6)(M)(i)

Berry claims his loan is invalid because it does not comply with § 50(a)(6)(M)(i), under which loans may not be executed until twelve days after submitting a loan application. Berry says there is no evidence that he submitted his loan application at least twelve days before closing. Doc. 101, Def.'s Resp., 10–11; *see also* Doc. 32-3, Berry Aff., 2. In its reply, US Bank points to the loan application itself, which Berry signed on May 11, 2007, eighteen days before closing. Doc. 106, Pl.'s App, 145; *see also* Doc. 103, Pl.'s Reply, 3–4. Berry does not contest that he signed the loan application, but he questions whether he signed it on May 11, 2007. Doc. 32-3, Berry Aff., 2.

The Court agrees with US Bank that there is no genuine dispute that Berry submitted his loan application more than twelve days before closing. Berry's loan application itself so indicates, and

---

[3] Berry no longer contests whether his loan exceeded eighty percent of his home's fair market value and whether the extension of credit was nonrecourse. Doc. 101, Def.'s Resp., 7–8.

Berry's affidavit is too conclusory to controvert the date on the loan application. *Kariuki v. Tarango*, 709 F.3d 495, 505 (5th Cir. 2013) ("[W]ithout more, a vague or conclusory affidavit is insufficient to create a genuine issue of material fact in the face of conflicting probative evidence."). So the Court **GRANTS** US Bank's motion for summary judgment with respect to Berry's § 50(a)(6)(M)(i) claim.

2. Section 50(g)

Berry next claims that his loan is not valid because it does not comply with § 50(g), which requires the lender to provide the borrower with certain notices at least twelve days before closing. Doc. 101, Def.'s Resp., 8–9. Berry says there is no evidence that he received such notice before closing. *Id.*; *see also* Doc. 32-3, Berry Aff., 2. US Bank asks the Court to strike Berry's 2015 affidavit insofar as it suggests that he did not receive notice twelve days before closing because it contradicts his 2007 affidavit in which Berry stated he did. Doc. 103, Pl.'s Reply, 1, 3.

The Court agrees with US Bank that there is no genuine dispute that Berry received notice under § 50(g) at least twelve days before closing. Berry's affidavits clearly conflict with one another. *Compare* Doc. 96-1, Pl.'s App., 35 ("The Note and Security Instrument have not been signed before the twelfth (12th) day after . . . the day that the Lender . . . provided the owner with a copy of the Notice Concerning Extensions of Credit defined by Section 50 (a)(6)."), *with* Doc. 32-3, Berry Aff., 2 ("I neither signed nor received any document . . . before . . . May 29, 2007."). So the Court **STRIKES** Berry's 2015 affidavit under the sham-affidavit rule insofar as he alleges he did not receive the notice twelve days before closing. Other than that portion of his sham affidavit, Berry has not produced any evidence disputing that he received notice twelve days before closing. So the Court **GRANTS** US Bank's motion for summary judgment with respect to Berry's § 50(g) claim.

3. Section 50(a)(6)(M)(ii)

Berry next claims that his loan is not valid because it does not comply with § 50(a)(6)(M)(ii), which states that closing cannot occur until the day after the borrower receives "a final itemized disclosure of the actual fees, points, interest, costs, and charges that will be charged at closing." He says in his 2015 affidavit that he did not receive an itemized list until closing. Doc. 32-3, Berry Aff., 2. US Bank points out that Berry's 2007 affidavit indicates that he received such a list on May 11, 2007, eighteen days before closing. Doc. 96-1, Pl.'s App., 140; *see also* Doc. 95, Pl.'s Br., 10–11.

The Court agrees with US Bank that there is no genuine dispute that Berry received the itemized list at least a day before closing. Berry's 2007 affidavit plainly conflicts with his 2015 affidavit with regard to when he received the itemized list. *Compare* Doc. 96-1, Pl.'s App., 140 ("On or before May 11, 2007, Borrower received from the Lender . . . a form of HUD-1 Settlement Statement itemizing the actual fees, points, interest, costs, and charges to be charged at the closing of this loan."), *with* Doc. 32-3, Berry Aff., 2 ("I did not receive an itemized statement of costs and expenses prior to May 29, 2007."). So the Court **STRIKES** Berry's 2015 affidavit under the sham-affidavit rule insofar as it indicates that he did not receive the itemized list before May 29, 2007. Without this portion of his sham affidavit, Berry has no evidence controverting his 2007 affidavit, which indicates that Berry received the itemized list on May 11, 2017. So the Court **GRANTS** summary judgment in favor of US Bank on Berry's § 50(a)(6)(M)(ii) claim.

4.  <u>Section 50(a)(6)(Q)(v)</u>

Berry claims his loan is not valid because it does not comply with § 50(a)(6)(Q)(v), which requires that borrowers "receive a copy of the final loan application and all executed documents signed by the owner at closing related to the extension of credit." Berry asserts that he did not receive a copy of all the final loan documents. Doc. 32-3, Berry Aff., 2–3. US Bank points to a document

signed by Berry that says he did. Doc. 96-1, Pl.'s App., 147. The Court agrees with US Bank that there is no genuine dispute that Berry received copies of the final loan documents. Berry's bald assertion that he did not receive copies of these documents is too conclusory to controvert US Bank's evidence. *Kariuki*, 709 F.3d at 505. So the Court **GRANTS** summary judgment on Berry's § 50(a)(6)(Q)(v) claim in US Bank's favor.

### 5. Section 50(a)(6)(Q)(iii)

Berry claims that his loan is not valid because it does not comply with § 50(a)(6)(Q)(iii), which forbids borrowers from "sign[ing] any instrument in which blanks relating to substantive terms of agreement are left to be filled in." Berry asserts that someone filled in the blanks on various loan documents after he signed them. Doc. 101, Def.'s Resp., 12. US Bank points to a document signed by Berry affirming that the documents he signed at closing did not contain blanks. Doc. 96-1, Pl.'s App., 147. The Court agrees with US Bank that there is no genuine dispute of material fact that there were no blanks at closing. Berry's conclusory statement in his 2015 affidavit that there were blanks on his documents is not enough to controvert US Bank's evidence to the contrary. *Kariuki*, 709 F.3d at 505. So the Court **GRANTS** summary judgment on Berry's § 50(a)(6)(Q)(iii) claim in US Bank's favor. In sum, none of Berry's § 50 claims have merit.

B.  *Judicial Foreclosure*

US Bank says it is entitled to judicial foreclosure because Berry defaulted on his loan. Doc. 95, Pl.'s Br., 14–15. Berry's only argument in his response is that his loan was invalid because it violates § 50. Doc. 101, Def.'s Resp., 13.

The Court agrees with US Bank that there is no genuine dispute that it is entitled to judicial foreclosure. "To foreclose under a security instrument in Texas with a power of sale, the lender must

demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under [Tex. Const. art. XVI, § 50(a)(6)] . . .; (3) plaintiffs are in default under the note and security instrument; and (4) plaintiffs received notice of default and acceleration." *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013) (citing Tex. Prop. Code § 51.002); *see also Bowman v. CitiMortgage, Inc.*, No. 3:14-CV-4036-B, 2018 WL 2184398, at *3 (N.D. Tex. May 11, 2018). US Bank has presented undisputed evidence that Berry took out a loan secured by a lien created under Tex. Const. art. XVI, § 50(a)(6), Doc. 96-1, Pl.'s App., 8, and Berry admitted he defaulted on that loan by failing to make mortgage payments, Doc. 101, Def.'s Resp., 6. Furthermore, US Bank has presented undisputed evidence that the Barry received proper notices of default and acceleration and Berry does not contest the notices' propriety. Doc. 96-1, Pl.'s App., 64–74. So US Bank is entitled to summary judgment on its judicial-foreclosure claim.

V.

CONCLUSION

For the reasons stated, the Court **GRANTS** US Bank's motion for summary judgment. Doc. 94. The Court **ORDERS** US Bank to file a proposed final judgment by **May 25, 2018**.

**SO ORDERED.**

SIGNED: May 21, 2018.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE