UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| US BANK TRUST NA, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff and Counter Defendant, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-3340-B |
| | § | |
| ROBERT M. BERRY, | § | |
| | § | |
| Defendant and Counterclaimant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff US Bank Trust NA's (US Bank) Motion for Attorney's Fees. Doc. 122. For the reasons that follow, the Court **GRANTS** the Motion.

## I.

## BACKGROUND

After granting US Bank's motion for summary judgment, *US Bank Tr. NA v. Berry*, No. 3:14-CV-3340-B, 2018 WL 2299041, at *4 (N.D. Tex. May 21, 2018), the Court entered final judgment in favor of US Bank in this foreclosure case, Doc. 121. US Bank now seeks an award of attorney's fees in the amount of $31,896.50. Doc. 123, Pl.'s Br., 2. In support of its motion, US Bank attaches its counsel's declaration and detailed billing invoices. Doc. 123-A, Decl. of Mark D. Cronenwett, 1–3; Doc. 123-B, Invoices. Defendant Robert Berry failed to respond within the permitted time frame, so US Bank's motion is ripe.

## II.

## LEGAL STANDARD

Rule 54(d) of the Federal Rules of Civil Procedure governs costs and attorney's fees. Under

the American Rule, prevailing parties generally cannot recover attorney's fees in the absence of a statutory or contractual basis. *Summit Valley Indus., Inc. v. United Bhd. Of Carpenters & Joiners*, 456 U.S. 717, 721 (1982). Rule 54(d)(2) provides the procedure for the prevailing party, by motion, to specify the statute, rule, or other grounds entitling it to fees and costs. In this case, the Texas Home Equity Note (Note) allows US Bank to recover attorney's fees and other reasonable costs incurred while seeking to enforce the Note. Doc. 96-1, Texas Home Equity Note, § 6(E). US Bank prevailed, Doc. 121, so US Bank is entitled to attorney's fees.

Courts use a two-step process to determine whether an award of attorney's fees is reasonable. *Combs v. City of Huntington*, 829 F.3d 388, 391 (5th Cir. 2016). First, the Court must calculate the lodestar by multiplying the "number of hours reasonably expended . . . by the prevailing hourly rate in the community for similar work." *Id.* at 392 (internal citation and quotation marks omitted). "There is a strong presumption of the reasonableness of the lodestar amount." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013)(citation omitted). Then the Court applies the twelve *Johnson* factors to the lodestar to decide whether it should be adjusted. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

## III.

## ANALYSIS

Although Berry has not responded to US Bank's Motion, the Court must verify that US Bank is entitled to the amount it seeks. *See Norwood v. Harrison*, 410 F. Supp. 133, 141–42 (N.D. Miss. 1976). After reviewing the attached billing invoices and the counsel's declaration, Doc. 123-A, Decl. of Mark D. Cronenwett, 1–3; Doc. 123-B, Invoices, the Court is satisfied that counsel's rate is the prevailing hourly rate in the community for similar work and that the time billed was not "excessive,

duplicative, or inadequately documented," *Combs*, 829 F.3d at 392. By multiplying the hourly rate by the number of hours counsel spent on the case, the Court arrives at the lodestar amount of $31,896.50. Moreover, the *Johnson* factors[1] do not justify adjusting the lodestar. So the Court **GRANTS** US Bank's motion and awards it $31,896.50 in attorney's fees.

## IV.

## CONCLUSION

For the reasons explained above, the Court **GRANTS** US Bank's Motion for Attorney's Fees, Doc. 123, and awards US Bank $31,895.50.

**SO ORDERED.**

**SIGNED: July 24, 2018**.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] Those factors are (1) "the time and labor required;" (2) "the novelty and difficulty of the questions;" (3) "the skill requisite to perform the legal service properly;" (4) "the preclusion of other employment by the attorney due to acceptance of the case;" (5) "the customary fee;" (6) "whether the fee is fixed or contingent;" (7) "time limitations imposed by the client or the circumstances;" (8) "the amount involved and the results obtained;" (9) "the experience, reputation, and ability of the attorneys;" (10) "the 'undesirability' of the case;" (11) "the nature and length of the professional relationship with the client;" and (12) "awards in similar cases."*Johnson*, 488 F.2d at 717–19.